## VANCE *vs.* CARLE.

If the court below improperly reject a report of referees appointed by a rule of
court, the remedy is by exceptions regularly filed and allowed.   If the defend-
ant, after the report is rejected, plead to the action, and the cause is brought up
by appeal from a judgment rendered upon the pleadings or verdict, no question
is open respecting the report.

In the court below, this action, with all demands, was submitted
to referees by a rule of court, two of whom made a report in favor
of the defendant, which was contested upon written objections made
by the plaintiff, and was rejected.   The action was then continued
to the next term for trial.   Before the continuance, the counsel for
the defendant offered in writing certain objections to the order of
the court rejecting the report, stating reasons why it ought to have
been accepted; and requested the judge to receive and approve
them; which he declined to do; but permitted the offering of them
to be noted on the docket.   At the next term the defendant plead-
ed to the action, reserving liberty to waive his plea and plead anew,
and " saving all advantages," at this court; to which the plaintiff
consented and demurred, bringing up the cause in the usual mode.
And now, the pleadings in the court below being waived, the de-
fendant moves this court that the report be accepted.

*R. K. Porter*, in support of the motion, offered to prove the facts

alleged in his objections to the order of the court below ; and argued that as the rejection of the report was not a final decision of that court, he was obliged to plead to the action, in order that a judgment might be rendered from which an appeal would lie. The plea contains a saving of all advantages, specially applicable to this case. And by the appeal the whole case was now before the court. 1 *Gall.* 5 ; *Rathbone v. Rathbone,* 4 *Pick.* 89 ; *Cummings v. Rawson,* 7 *Mass.* 440 ; *Tappan v. Bruen,* 5 *Mass.* 195 ; *Cleaveland v. Welch,* 4 *Mass.* 591 ; *Bemis v. Faxon,* 2 *Mass.* 141.

*Greenleaf* and *Deane,* for the plaintiff.

MELLEN C. J. delivered the opinion of the Court.

The counsel for the defendant now moves for the acceptance of the report which was rejected by the Court of Common Pleas. A report, however perfect in point of form, may, on objection to its acceptance, be proved by parol to have been founded on illegal principles. For instance, it may be shown that one or more of the referees acted corruptly ; in which case it ought to be rejected. We are not to presume that the court, in the present case, decided on illegal or improper grounds in refusing to accept the report ; and we have no legal proof of the grounds on which the decision was founded. On this point, we cannot proceed, in the circumstances of this case ; we cannot travel out of the report, in search of facts on which to pronounce the rejection improper. We know of no other legitimate mode of presenting to this court the necessary facts ; that is, the facts appearing in the lower court, offered by way of objection to the acceptance of the report, and on which it was rejected, than by an exception, certified as correct and allowed by the judge presiding at the trial. We have before us nothing of this kind ; but merely the written statements of the parties, of facts in favor and against the acceptance of the report ; which in some particulars are contradictory. But it is said that inasmuch as the judge declined to allow and sign certain exceptions offered to him at the time of his decision, we are now authorized, in the mode proposed by the de-

fendant's counsel, to revise and correct the proceedings complained of, and proceed to accept the report. We cannot admit the correctness of this conclusion. We can go no further than the law has allowed, nor exercise jurisdiction over the decisions of the Court of Common Pleas, except where by law given, and in the manner prescribed.

But it has been contended that by the appeal the cause is opened for re-examination in all respects; and that we are, in virtue of our appellate jurisdiction, now authorized to correct every thing in which the court below proceeded erroneously. In *Rathbone v. Rathbone*, the principle is applied only to errors or defects appearing on record. Several other cases have been cited in support of this position; but we do not consider them as applicable to the case at bar. They are generally cases of an order or decision of the court below, which was of a character to settle the rights of the complaining party, as to the pending suit; as by arresting the judgment, or sending him out of court without giving any judgment. From such determinations an appeal may be sustained, provided the action be such as that an appeal would lie from a regular judgment rendered therein. With the exception of such determinations, and the interlocutory judgments on pleas in abatement, in account or partition, the right of appeal must be understood to be confined to cases where final judgments have been rendered. The order of the court, by which the report was rejected, was merely an interlocutory one, by which the action was again placed in a proper situation for trial, according to the usual course, by the court and jury, after it had been for a time under the jurisdiction of referees, whose report was not entitled to that sanction of the court which only could give it effect. Besides, there was no appeal from the order of non-acceptance, even if one could have been claimed. But at a subsequent term the appeal was claimed and granted from a judgment rendered on the issue in law joined by the parties. By this appeal the correctness of that judgment may be revised, or the merits of the cause tried on any other issue which may be joined, in common form. It is further contended that the appeal was made, after a plea filed saving all advantages.

Vance *v.* Carle.

If this means any thing, it is only legal advantages. But the defendant had none of the kind for which he has contended. We cannot sustain his motion in the form proposed, or grant him any other relief, than by the usual mode of trial in a court of justice.